69 Cal.Rptr.3d 197 (2007)
157 Cal.App.4th 1075
In re C.J.W. et al., Persons Coming Under the Juvenile Court Law.
San Bernardino County Department of Children's Services, Plaintiff and Respondent,
v.
Theresa W. et al., Defendants and Appellants.
No. E043005.
Court of Appeal of California, Fourth District, Division Two.
December 11, 2007.
*198 Konrad S. Lee, under appointment by the Court of Appeal, Riverside, for Defendant and Appellant Mother.
Nicole Williams, under appointment by the Court of Appeal, for Defendant and Appellant Father.
Ruth E. Stringer, County Counsel, and Danielle E. Wuchenich, Deputy County Counsel, for Plaintiff and Respondent.
Jacquelyn E. Gentry, under appointment by the Court of Appeal, for Minor.

*199 OPINION
GAUT, J.

1. Introduction[1]
Mother and father appeal separately from the dependency court's order denying their petitions brought under section 388. Father joins in mother's arguments to the extent they are relevant. (Cal. Rules of Court, rule 8.200(a)(5).) Two children, C.P. and C.J., are the subject of the appeals.
We hold the dependency court did not abuse its discretion in denying the section 388 petitions. It properly conducted a hearing on the petitions and determined parents did not show that changed circumstances or the best interests of the children warranted a modification of its order denying reunification services.

2. Factual and Procedural Background

Mother was born in August 1979. She began using drugs at age 16. She has given birth to seven children in 12 years by three men. Her first child, M.F., was born in 1993 when she was 14 and had been molested by her stepfather. Her next two children, D.K. and C.K., were fathered by her foster brother and born in March and November 1997. Her parental rights to these three children were terminated in 1998 and 1999. Her fourth child, Chad, was by the father in this case and was born in June 1999. The court terminated parental rights in 2001. Casey was mother's fifth child, born in May 2002 to mother and father as their second child together. The court terminated their parental rights to Casey in November 2003.
Father, who was born in 1957, has served a prison sentence for drug manufacturing. He has been married twice before, fathered three other children, and divorced because of his drug use.
C.P. was born in February 2004 and C.J. was born in July 2005. The San Bernardino County Department of Children's Services (DCS) filed an original dependency petition (§ 300) in September 2006, when the children were one and two years old, alleging a failure to protect, no provision for support, and abuse of a sibling, based on the parents' extensive drug use, an unsafe home, and the previous dependency proceedings involving their siblings.
The detention report recorded that parents had been arrested for wilful harm or injury to a child or endangering a child's health. (Pen.Code, § 273a.) The social worker had found mother sleeping in a car outside the family residence with C.P. The house was dirty, cluttered, and unsafe and contained drug paraphernalia and methamphetamine. Witnesses stated the parents had neglected the children, left them unattended in the bathtub, and allowed C.P., the two year old, to cook food in the microwave. Both parents admitted using methamphetamine while disclaiming possession of several glass methamphetamine pipes in the home. Father had lost his job. Five children have been removed from mother and adopted between 1994 and 2003. Two of those five children were father's. The court ordered C.P. and C.J. detained.
The jurisdiction/disposition report recommended the parents be denied reunification services and proposed a permanent plan of adoption. Both parents had received services for their other two children, Casey and Chad, between 1999 and 2003 and failed to reunify. The court found jurisdiction and set the contested dispositional hearing.
*200 At the dispositional hearing on November 9, 2006, father testified that he was incarcerated for 220 days until January 2007 but had started Narcotics Anonymous the night before and had signed up for parenting classes. He admitted to being an occasional drug user for 20 years or more. He blamed the drugs and paraphernalia found at parents' residence on baby-sitters who had used his methamphetamine pipe.
Mother testified she was in custody but had enrolled in a program involving substance abuse, living skills, and anger management. Three years before she had successfully completed a drug court program when she was pregnant with C.P. Both C.P. and C.J. were born drug free. A few months before the detention she had relapsed. The parents left C.J. with the babysitters because they were using drugs.
The court denied* reunification services to the parents and set a section 366.26 hearing to determine a permanent plan.
The adoption assessment by DCS recommended both children be adopted by a middle-aged single woman who has stable employment and owns a house. Since being released from custody in January 2007, the parents had visited the children for one hour weekly.
In April 2007, both parents filed section 388 petitions, (Cal. Rules of Court, rule 5.570(b)) requesting a change in the court's orders. Both petitions alleged as changed circumstances that parents had completed a panoply of programs, including drug treatment, 12-step meetings, Alcoholics Anonymous, Narcotics Anonymous, drug testing, and private counseling, and additional classes in parenting, living skills, anger management, domestic violence, child abuse, religion, and education.
At the hearing in April 2007, the court found no changed circumstances and no benefit to the children. The court denied the section 388 petitions. It then conducted the section 366.26 hearing and terminated parental rights.

3. Discussion

Mother, joined by father, asserts the dependency court erred by not allowing an evidentiary hearing on the section 388 petitions: "Such petitions are to be liberally construed in favor of granting a hearing to consider the parent's request. [Citations.] The parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing. [Citation.]" (In re Marilyn H. (1993) 5 Cal.4th 295, 309-310, 19 Cal.Rptr.2d 544, 851 P.2d 826.) "There are two parts to the prima facie showing: The parent must demonstrate (1) a genuine change of circumstances or new evidence, and that (2) revoking the previous order would be in the best interests of the children. [Citation.] If the liberally construed allegations of the petition do not show changed circumstances such that the child's best interests will be promoted by the proposed change of order, the dependency court need not order a hearing. [Citation.] We review the juvenile court's summary denial of a section 388 petition for abuse of discretion." (In re Anthony W. (2001) 87 Cal. App.4th 246, 250, 104 Cal.Rptr.2d 422.)
Section 388 provides: "(c) If it appears that the best interests of the child may be promoted by the proposed change of order ... the court shall order that a hearing be held..." California Rules of Court, rule 5.570(f), (h), and (i) set forth the procedures for deciding a section 388 petition: "If it appears to the court that the requested modification will be contested or if the court desires to receive further evidence on the issue, the court must order *201 that a hearing on the petition for modification be held within 30 calendar days after the petition is filed. [¶] ... [¶] ... The petitioner requesting the modification under section 388 has the burden of proof ... require[ing] a preponderance of the evidence to show that the child's welfare requires such a modification. [¶] ... [¶] ... The hearing must be conducted as a disposition hearing under rules 5.690 and 5.695 if [¶] ... [¶] ... There is a due process right to confront and cross-examine witnesses. [¶] Otherwise, proof may be by declaration and other documentary evidence, or by testimony, or both, at the discretion of the court. [¶] ... The petitioner requesting the modification under section 778 has the burden of proving by a preponderance of the evidence that the ward's welfare requires the modification. Proof may be by declaration and other documentary evidence, or by testimony, or both, at the discretion of the court."
In this instance, the court using form JV-180 (Cal. Rules of Court, rule 5.70(b)), made the following internally-inconsistent order: "The best interest of the child[ren] may be promoted by the requested new order, and ... the request states a change of circumstances or new evidence, ... A hearing shall be held on the request as follows: [¶] a. The matter is set for a hearing on 4-26-07 at 1:30 p.m. in Dept. J-5. [¶] b. The judge will not hold a hearing. The judge will make a decision based on your request and any other papers filed by those listed in item 8. You and anyone listed in item 8 may ask for a hearing, which the judge will hold if there is good cause." In other words, the court ordered it would and would not hold a hearing.
We observe that the required form JV-180 is itself internally inconsistent and ambiguous on the issue of whether a hearing is being held. It first states "[a] hearing shall be held" and the matter is set for hearing. In the alternative, it states "a hearing shall be held" but "[t]he judge will not hold a hearing" and will make a decision based on the papers filed. But it then concludes a hearing may be requested "which the judge will hold if there is good cause." When read together, form JV-180 and California Rules of Court, rule 5.570(f), (h)(2) seem hopelessly inconsistent regarding whether and how a hearing will be conducted.
Nevertheless, we disagree with parents that the court failed to conduct a hearing or that the court summarily denied the section 388 petitions. What ultimately occurred is the court did conduct a hearing but did not allow testimony from the parents on the section 388 petitions. The court, however, did receive written evidence and heard substantial argument from counsel for the parties.[2]
The attorneys for the parents concurred with this manner of proceeding and did not object. We acknowledge respondent's argument that parents have forfeited their claims of error but we discuss it to foreclose any other auxiliary claims by parents. (In re S.B. (2004) 32 Cal.4th 1287, 1293, 13 Cal.Rptr.3d 786, 90 P.3d 746.)
Parents complain it was violation of due process that they were not allowed to cross-examine the social workers and present evidence. But parents do not identify what further evidence they wanted to present. Furthermore, a fair reading of the record is the court found the section 388 petitions to be deficient because they did not support granting reunification services to the parents based on sufficient *202 changed circumstances or the best interests of the children. The court did not base its ruling on information presented by the social workers (In re Matthew P. (1999) 71 Cal.App.4th 841, 849, 851, 84 Cal.Rptr.2d 269) but on the paucity of evidence submitted by parents in their petitions. The hearing, as conducted by the dependency court, comported with due process.
We also conclude the court did not abuse its discretion in denying the section 388 petitions based on the absence of changed circumstances or the children's best interests. Mother and father both have extensive histories of drug use and years of failing to reunify with their children. Their recent efforts at rehabilitation were only three months old at the time of the section 366.26 hearing. (In re Casey D. (1999) 70 Cal.App.4th 38, 48-49, 82 Cal.Rptr.2d 426; In re Kimberly F. (1997) 56 Cal.App.4th 519, 531, fn. 9, 65 Cal.Rptr.2d 495.) Although parents were exerting themselves considerably to improve, they did not demonstrate changed circumstances. Even if parents had succeeded in doing so, there was no showing whatsoever of how the best interests of these young children would be served by depriving them of a permanent, stable home in exchange for an uncertain future. (In re Stephanie M. (1994) 7 Cal.4th 295, 317, 27 Cal.Rptr.2d 595, 867 P.2d 706; In re Casey D., supra, at p. 47, 82 Cal.Rptr.2d 426.) It is not reasonably likely additional testimony would have persuaded the court to grant the section 388 petitions and offer reunification services to parents. (In re Edward H. (1996) 43 Cal.App.4th 584, 594, 50 Cal.Rptr.2d 745.)

4. Disposition

We suggest the dependency court should reform its practice of granting seemingly inconsistent orders both granting and denying hearings on section 388 petitions. We also recommend form JV-180 be reformed to avoid the kind of problems created here. Nevertheless, we affirm the dependency court's order denying parents' section 388 petitions.
We concur: RAMIREZ, P.J., and McKINSTER, J.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless stated otherwise.
[2] As clarification, we note a different judicial officer signed the JV-180 order than conducted the section 388 hearing.