Filed 6/27/13  In re A.B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

<table>
<tr><td>

In re A.B. et al., Persons Coming Under the Juvenile Court Law.

SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,

      Plaintiff and Respondent,

      v.

LEILA B.,

      Defendant and Appellant.

</td><td>

D063368

(Super. Ct. No. SJ11174B & C)

</td></tr>
</table>

APPEAL from an order of the Superior Court of San Diego County, Garry Haehnle, Judge.  Affirmed.

Julie E. Braden, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Leila B. appeals a juvenile court order summarily denying her petition for modification under Welfare and Institutions Code[1] section 388 regarding her minor daughters, A.B. and K.B. (together, the minors). Leila contends she was entitled to an evidentiary hearing on her section 388 petition because she made a prima facie showing her circumstances had changed and the proposed modification—returning the minors to her custody—was in the minors' best interests. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2008, three-year-old A.B. and two-year-old K.B. became dependents of the juvenile court under section 300, subdivision (b) because Leila exposed them to drugs and drug paraphernalia in the home.[2] The court removed the minors from Leila's custody and placed them with the maternal grandmother.

Leila had a history of domestic violence with the minors' father and other men. She also had a history of methamphetamine use and admitted using marijuana daily. Leila gave birth to another child, Santiago D., in 2009. During the reunification period, she participated in outpatient drug treatment and therapy, and visited the minors. Leila progressed to overnight visits with the minors in the grandmother's home, but discontinued them because of conflicts with the grandmother and because she found the minors "very difficult to deal with." The court changed Leila's visits with the minors

[1] Statutory references are to the Welfare and Institutions Code.

[2] The minors' siblings, S.B. and T.B., also became dependents. These children are not subjects of this appeal.

2

from unsupervised to supervised because she brought her boyfriend (the father of Santiago) to visits with the minors without the social worker's permission.

Leila continued to have a relationship with her boyfriend despite the existence of a no-contact order. She missed several therapy sessions even though she still needed to make significant progress in managing her children effectively without becoming frustrated. Leila admitted she was not yet ready to care for the children, and even if they were returned to her custody, she intended to have the grandmother be their primary caregiver. The court terminated reunification services and set a hearing under section 366.26 to select and implement a permanent plan for the minors.

The social worker recommended a permanent plan of guardianship with the grandmother. The minors' sister, S.B., lived with the grandmother, who intended to adopt her. In February 2010, the court ordered guardianship for the minors and terminated jurisdiction.

Two years later, the grandmother asked to have the minors' permanent plans changed to adoption. The grandmother said the minors needed permanency, noting Leila had not established a relationship with them and she continued to disregard court orders. Because Leila had been in and out of jail, the minors were not having contact with her. The minors' negative behaviors had improved since their placement with the grandmother. K.B. was anxious about restarting visits with Leila, and said she did not want to see her mother. Leila had recently given birth to her sixth child.

The social worker recommended the court terminate parental rights and order adoption for the minors, noting there had been no parent-child relationship between Leila

3

and the minors for more than a year. The minors refused to attend four scheduled visits with Leila and said they wanted to continue living with the grandmother.

Before the selection and implementation hearing, Leila filed a section 388 modification petition, seeking to have the minors placed in her care with family maintenance services. The petition alleged Leila's circumstances had changed because she had completely turned her life around, and it was in the minors' best interests to be removed from the grandmother's home and placed with her. The court declined to hold an evidentiary hearing on the petition, finding Leila did not make a prima facie showing of changed circumstances or best interests. The court terminated parental rights and referred the minors for adoptive placement.

DISCUSSION

A

A party may petition the court under section 388 to change, modify or set aside a previous court order. The petitioning party has the burden of showing, by a preponderance of the evidence, that (1) there is a change of circumstances or new evidence, and (2) the proposed change is in the child's best interests. (§ 388; *In re Jasmon O.* (1994) 8 Cal.4th 398, 415; *In re Casey D.* (1999) 70 Cal.App.4th 38, 47.) The petition must be liberally construed in favor of its sufficiency. (Cal. Rules of Court, rule 5.570(a); *In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) "The parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing." (*In re Marilyn H.*, at p. 310.) " '[I]f the petition presents any evidence that a hearing would promote the best interests of the child, the court will order the hearing.' [Citation.]"

4

(*In re Jasmon O.*, at p. 415.) If, however, "the liberally construed allegations of the petition do not make a prima facie showing of changed circumstances and that the proposed change would promote the best interests of the child, the court need not order a hearing on the petition. [Citations.] The prima facie requirement is not met unless the facts alleged, if supported by evidence given credit at the hearing, would sustain a favorable decision on the petition." (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) In determining whether the petition makes the necessary showing, the court may consider the entire factual and procedural history of the case. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 188-189.)

B

Here, Leila's petition alleged her circumstances had changed because she recently completed drug treatment and had maintained her sobriety; she enrolled in college; she was safely parenting her youngest child; and she was currently in a residential domestic violence treatment program. Viewed in the context of Leila's history of substance abuse and domestic violence, these allegations and supporting documentation show, at most, Leila's circumstances were "changing," but had not changed. (*In re Casey D.*, *supra*, 70 Cal.App.4th at p. 47.)

Although in her petition Leila characterizes her progress in the past two years as "nothing short of amazing," she fails to mention she was arrested four times since then. Her claim she is safely caring for her youngest child ignores the fact that she lost custody of five other children. Leila previously completed treatment for domestic violence, but remained in a relationship with the minors' father, violated a temporary restraining order

5

that she had obtained against him, and also engaged in domestic violence with Santiago's father. At the time she filed her section 388 petition, she was living in a transitional housing facility where she continued to address issues of domestic violence. Moreover, despite having participated in drug treatment, Leila relapsed. She completed another substance abuse treatment program and had been sober for only six months. She began individual therapy just one week before the hearing on her section 388 petition, and thus, she could not show she had insight into the protective issues that led to the removal of the minors from her care. Leila had not "completely turned her life around," but had only just begun to do so.

A petition like Leila's that alleges changing circumstances does not promote stability for a child or the child's best interests because it would mean delaying the selection of a permanent home to see if a parent, who has failed to reunify with the child, might be able to reunify at some future point. (*In re Casey D., supra,* 70 Cal.App.4th at p. 47.) "Childhood does not wait for the parent to become adequate." (*In re Marilyn H.*, *supra*, 5 Cal.4th at p. 310.) Leila did not make a prima facie showing of changed circumstances to warrant a hearing on her section 388 petition. (*In re Aljamie D.* (2000) 84 Cal.App.4th 424, 431-432 [petition's liberally construed allegations of changed circumstances did not require an evidentiary hearing].)

C

Even had Leila made a prima facie showing of changed circumstances, her petition did not show that placing the minors with her was in their best interests. Throughout the dependency proceedings, Leila did not maintain a consistent relationship

6

with the minors, and they sometimes refused to visit her. When they did visit, the minors reacted adversely, and their negative behaviors increased.

Moreover, the minors have lived with their grandmother for more than four years, and they look to her to meet their daily needs. In the social worker's opinion, the minors would experience significant grief and loss if they were removed from this home where their two siblings also live. The grandmother was willing and able to provide a permanent home for all the children. After reunification services are terminated, a parent's "interest in the care, custody and companionship of the child are no longer paramount. Rather, at this point, 'the focus shifts to the needs of the child for permanency and stability' [citation], and in fact, there is a rebuttable presumption that continued foster care is in the best interest of the child." (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317; see also *In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1081 [summary denial of section 388 petition was proper where there was no showing of how the children's best interests would be served by depriving them of a permanent stable home in exchange for an uncertain future].) The proper focus of this case was the minors' need for stability, continuity and permanency, regardless of Leila's interest in reunification. (*In re Stephanie M., supra*, at pp. 317-318; *In re Brittany K.* (2005) 127 Cal.App.4th 1497, 1507.) Because the liberally construed allegations would not have sustained a favorable decision on the section 388 petition, Leila was not entitled to an evidentiary hearing. (*In re Zachary G., supra*, 77 Cal.App.4th at p. 808; *In re Mary G.* (2007) 151 Cal.App.4th 184, 205-206.)

DISPOSITION

The order is affirmed.

IRION, J.

WE CONCUR:

McINTYRE, Acting P. J.

O'ROURKE, J.