Filed 11/12/13  In re Caitlyn I. CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re CAITLYN L., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>DAVID L.,<br><br>     Defendant and Appellant. | A137087<br><br>(Sonoma County Super. Ct. No. 3799-DEP) |

David L. (father) appeals a juvenile court order denying his petition to modify the dispositional order denying him reunification services for his daughter Caitlyn L. (daughter) under the bypass provisions of Welfare and Institutions Code section 361.5, subdivision (b).[1]  We conclude the trial court did not abuse its discretion.

FACTS AND PROCEDURAL HISTORY

Daughter, born in 2003, is the child of father and M.D. (mother), who are no longer together.  The child welfare referrals on the family date back to 2004, and include reports of domestic violence, physical abuse of the minor by mother, drug use by both

---

[1]  Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

1

parents, and dirty or unsafe living conditions. Father has longstanding issues of drug abuse and a criminal history that includes convictions for drug-related offenses, trespassing, and inflicting injury on a spouse or cohabitant.

In November 2011, respondent Sonoma County Human Services Department (Department) filed a petition alleging daughter was a child described by section 300, subdivisions (b) and (g) in that (1) mother had failed to provide daughter with adequate medical care and daughter was suffering from severe tooth decay; (2) mother had a substance abuse problem placing daughter at risk; (3) mother and her boyfriend had exposed daughter to domestic violence; (4) father had a longstanding substance abuse problem and criminal history placing the child at risk; and (5) father was currently incarcerated and was unable to provide care and support for daughter.

In the report prepared for the jurisdictional/dispositional hearing, Department recommended that daughter be removed from mother's custody and placed with her maternal aunt, that mother receive reunification services, and that father be denied reunification services under section 361.5, subdivision (b)(13), which provides that services need not be provided to a parent when the court finds, by clear and convincing evidence, "the parent or guardian of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition." According to the report, "[Father] has participated in no less than three different residential treatment programs, attending Turning Point residential twice. In the last three years, [father] has resisted treatment on no fewer than two occasions as indicated by his second stay at Turning Point residential treatment and his brief stay at Jericho residential treatment program in July 2011."

On December 12, 2011, both parents submitted on the allegations in the dependency petition, and father, who was still incarcerated, submitted to Department's bypass recommendation. Father's counsel noted, "[Father] certainly wants to be more involved and engaged in his daughter's life. Unfortunately, he will be in custody for probably another six months. He has signed up for Starting Point. He's taking a

2

parenting class right now. He is attending AA meetings in custody, and expects at some point in the future to submit a 388 petition to ask that reunification services be reconsidered at that time." The court sustained the dependency petition and adopted the findings and dispositional orders proposed by the Department.

In its report prepared for the six-month review hearing held in June 2012 (§ 366.21, subd. (e)), Department reported mother had left a residential treatment program and had been out of contact, having told her sister she needed a break to visit family in Lake County and Utah. Daughter had been visiting with father once a month at the facility where he was incarcerated, during which father was "good with the child as he is loving and considers her feelings by keeping the visits about the child. The father does write letters to the child and she has written him." The court terminated mother's reunification services and set the case for a hearing under section 366.26 to select a permanent plan.

In the report prepared for the section 366.26 hearing, Department noted mother was no longer visiting daughter and had stopped calling her. Father had been released from custody on June 27, 2012 and was unable to attend the monthly visit previously scheduled for the following day, however twice monthly supervised visits began in August as both father and daughter wished to see more of each other. Father had only one visit in August due to a "miscommunication."

An adoption assessment was prepared and submitted to the court on August 31, 2012, reporting that daughter was thriving in her placement with the maternal aunt and uncle and wanted to continue living in their home. The adoptions social worker recommended adoption, noting daughter "has a good relationship with her potential adoptive family and would benefit from the establishment of a permanent parent/child relationship through adoption. She seeks her potential adoptive parents out for comfort and gets her needs met. She appears to have substantial emotional ties to the potential adoptive parents."

On September 26, 2012, father's counsel filed a petition to modify the previous order bypassing reunification (§ 388), by way of a JV-180 form. (See Cal. Rules of

3

Court, rule 5.570(b).)  The petition alleged father "has fully engaged himself in every conceivable class while in custody and is now released from custody, seeking to reunite with his daughter."  As to why the requested change would be better for the child, the petition stated, "Father and daughter have maintained a well-documented close bond, the strengthening of which would serve the best interests of the minor."  Attached were certificates showing father had completed the Starting Point Program, an in-custody treatment program provided by the Sonoma County Department of Health Services that offers up to 20 classes per week on issues such as anger management, chemical dependency, relapse prevention, and parenting.

The parties appeared in court on October 3, 2012 (one day before the section 366.26 hearing was originally set to be heard), at which time Department and minor's counsel opposed father's petition.  The court continued the matter to allow father to sign a declaration under penalty of perjury in support of the petition, the JV-180 form having been signed only by counsel.  Though no declaration by father appears in the record, the parties next appeared in court on October 17, and the court considered arguments from counsel to determine "how far we're going to go" with the petition for modification of the bypass order.  Minor's counsel opposed father's request for reunification services, noting daughter's need for permanency and father's historic failure to parent his child.  Department took the position reunification services would not be in daughter's best interest and argued the JV-180 form did not state facts showing the circumstances that led to the bypass no longer existed.

The court denied father's motion:  "The court is going to note that the law does require that the change of circumstances be such that the original order would not be necessary or not need to be entered into.  At this point, given that it is a bypass — that there was a bypass, the subsequent rehabilitation, which the court lauds.  [¶] And the court wants to say that I appreciate your counsel's comments that we don't want to encourage you with the one hand and then pretend that we're kind of slapping you back with the other hand.  But the court is following the law.  The law requires that for the JV-180 to be granted, the need of change is so significant that the original court order that

4

is asked to be changed should not have been issued.  [¶] In this instance, given that there's a bypass, the court cannot make that finding."

The section 366.26 hearing was held on November 27, 2012, at which time the court selected a permanent plan of adoption and terminated mother's and father's parental rights.  Father timely appealed from the orders denying his section 388 petition and terminating parental rights, but has not raised any arguments as to the propriety of the termination order.

## DISCUSSION

Father contends the court should have held a full hearing on his petition for modification, and argues the case must be remanded for this purpose.  We do not agree.

Under section 388, subdivision (a)(1), "Any parent . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made . . . ."  "To prevail on a section 388 petition, the moving party must establish . . . new evidence or changed circumstances exist so that the proposed change . . . would promote the best interest of the child.  [Citations.]"  (*In re Marcelo B.* (2012) 209 Cal.App.4th 635, 641-642.)

A section 388 petition may be denied without a full evidentiary hearing when it fails to make a prima facie showing for relief.  (*In re Marcelo B.*, *supra*, 209 Cal.App.4th at p. 642.)  A prima facie showing " 'refers to those facts which will sustain a favorable decision if the evidence submitted in support of the allegations by the petitioner is credited' " and " 'depends on the facts alleged in [the] petition, as well as the facts established without dispute by the [dependency] court's own file.' "  (*In re B.C.* (2011) 192 Cal.App.4th 129, 141.)  We review the court's ruling on a section 388 motion, including the decision to forego a full evidentiary hearing, for abuse of discretion.  (*In re B.C.*, at p. 141.; *In re A.S.* (2009) 180 Cal.App.4th 351, 358.)

Ordinarily, a parent petitioning for a modification under section 388 has the burden of proving the changed circumstances and best interest prongs of the analysis by a preponderance of the evidence.  (*In re A.S.*, *supra*, 180 Cal.App.4th at p. 357.)  Here,

5

however, father sought to modify a reunification bypass order based on his history of drug abuse and resistance to court-ordered treatment under section 361.5, subdivision (b)(13). Under section 361.5, subdivision (c), "The court shall not order reunification for a parent or guardian described in paragraph . . . (13) . . . of subdivision (b) unless the court finds, by clear and convincing evidence, that reunification is in the best interest of the child." This higher standard of clear and convincing evidence applies to a section 388 petition filed by a parent seeking to modify a prior order bypassing services. (*In re A.M.* (2013) 217 Cal.App.4th 1067, 1074, 1075-1076.)

The question then is whether the facts alleged in father's petition, if true, amount to clear and convincing evidence that daughter's best interest would be served by providing him with reunification services. The court did not abuse its discretion in concluding the answer was "no." Daughter was nine years old by the time of the hearing, and had spent most of her life being cared for by a mother who was unstable and neglectful. Though father clearly loves his daughter and she loves him, he has been unavailable to her for the most part due to his drug use and related criminality, a fact he did not contest at the dispositional hearing in this case.

After daughter was removed from mother's custody, she was placed in her aunt's home, where she has done very well and wishes to remain. Though father's recent efforts to reform are commendable, they are just that—recent. The court could reasonably conclude daughter's need for stability was paramount, and her best interest would not be served by suspending her status to see whether father can maintain his sobriety and someday reach a point where he can safely assume her care. The only allegation in the petition pertaining to daughter's best interest was the statement she and father had a "close bond," the strengthening of which would benefit daughter. A further evidentiary hearing was not required.[2]

---

[2] Department argues the juvenile court did not *summarily* deny father's section 388 petition, because it heard argument from counsel and did not deny any specific request to present additional evidence. (Cf. *In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1080-1081.) Whether we view the court's order as a summary denial or a denial following an

6

Father argues the juvenile court erroneously believed an order bypassing reunification services could not be modified by a petition under section 388. We disagree. The court stated that for the petition to be granted, "the need of change" must be "so significant that the original court order that is asked to be changed should not have been issued. [¶] In this instance, given that there's a bypass, the court cannot make that finding." These comments do not suggest the court believed the bypass order could not be modified, but that the change in circumstances necessary to warrant a modification had to be of a magnitude that had not been reached in this case.

Absent any contrary evidence, we presume the court followed the law, which allows a bypass order to be modified when a sufficient showing has been made. (See Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."]; *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913.) Indeed, if the court had not understood this to be the case, it could have simply denied father's motion without any input from counsel on the merits.

DISPOSITION

The judgment (October 17, 2012 order denying father's petition for modification and November 27, 2012 order terminating parental rights) is affirmed.

---

abbreviated evidentiary hearing, we reach the same result in light of the petition's allegations and the facts established by the dependency file.

7

 

 

 

_____
NEEDHAM, J.


We concur.


_____
SIMONS, Acting P.J.


_____
BRUINIERS, J.