Filed 3/25/24  Marriage of Bergman CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISIN ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ROBERT and CYNTHIA BERGMAN. | |
| | D083079 |
| ROBERT W. BERGMAN, | |
| Appellant, | |
| v. | (Super. Ct. No. RID1402325) |
| CYNTHIA C. BERGMAN, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Riverside County, John W. Vineyard, Judge.  Affirmed.

The Appellate Law Firm, Aaron Myers, and Mark Kuntze for Appellant.

Law Offices of Brian C. Unitt, Brian C. Unitt, and Thomas D. Allert, for Respondent.

MEMORANDUM OPINION

Robert W. Bergman appeals a postjudgment order granting Cynthia C. Bergman's request to modify spousal support.  Robert contends the trial court erred in retroactively ordering an increase in spousal support to a date prior

to Cynthia's request for modification. We resolve this case by memorandum opinion and affirm. (Cal. Stds. Jud. Admin., § 8.1; *People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854.)

## I.

Robert and Cynthia were married for over 20 years before their separation in 2014. A stipulated judgment of dissolution was entered in 2016 that required Robert to pay $1,000 a month in spousal support. The judgment incorporated an addendum requiring each of them "to notify the other within 10 calendar days of any change in employment or income." (Boldface omitted.) Should either fail to provide notice, "the court reserve[d] jurisdiction to modify any support obligation retroactively to the date the notice should have been given."

In 2021, Robert requested an order seeking a reduction in spousal support, and Cynthia requested an increase in spousal support. Following an evidentiary hearing, the trial court denied Robert's request, finding he did not meet his burden of proving a material change of circumstances justifying a reduction. But the court found Cynthia did meet her burden and ordered Robert to pay an additional $1,000 per month in support. The court also found Robert failed to notify Cynthia of changes to his employment, including "several significant [pay] raises." Consequently, the court ordered the modification of spousal support retroactive to January 1, 2017, the date Robert's reporting obligation began.

## II.

Robert does not dispute the sufficiency of the evidence supporting the trial court's modification order. Although Robert acknowledges he did not appeal the stipulated judgment of dissolution, he contends he should be permitted to collaterally attack the retroactivity condition by challenging the

2

current order of modification. Cynthia disagrees that the court's modification order was in error, but regardless she contends the retroactivity condition in the judgment of dissolution is res judicata and beyond the reach of this appeal. Reviewing Robert's claim of legal error de novo, we conclude he may not collaterally attack the retroactivity condition in the unchallenged judgment of dissolution. (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 637 (*Gruen*).)

Family Code section 3651 prohibits an order for spousal support from being "modified or terminated as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate." (§ 3651, subd. (c)(1).) Similarly, section 3653 provides that "[a]n order modifying or terminating a support order may be made retroactive to the date of the filing of the notice of motion . . . *or to any subsequent date*." (§ 3653, subd. (a), italics added.) Thus, "[i]t is well established" the filing date of a motion to modify spousal support "establishes the outermost limit of retroactivity." (*Gruen, supra*, 191 Cal.App.4th at p. 638; *In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 595 (*Murray*).)

Due to these express statutory limitations on retroactivity, a court order modifying support to a date prior to the filing date of a motion to modify is an act "in excess of the court's jurisdiction." (*Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 26.) This is so even where the "support order is based upon an agreement between the parties." (§ 3651, subd. (e).)

Here, the retroactivity condition in the judgment of dissolution permitted the trial court to modify spousal support to a date prior to the parties' requests for modification. It thus conferred jurisdiction to the court in a manner inconsistent with the statutory limitations identified above. (See §§ 3651, subd. (c)(1), 3653, subd. (a).) The trial court therefore acted in

3

excess of its jurisdiction by imposing that condition as part of the 2016 judgment.  (See *Murray, supra,* 101 Cal.App.4th at p. 598.)

However, a "stipulated judgment or other order in excess of the court's jurisdiction may not be collaterally attacked absent unusual circumstances or compelling policy considerations." (*In re Marriage of Jackson* (2006) 136 Cal.App.4th 980, 989 (*Jackson*).)  Appellate courts generally have voided acts in excess of jurisdiction "when the irregularity was too great or when the act violated a comprehensive statutory scheme or offended public policy." (*Ibid*.)  For example, in *Jackson,* the court of appeal permitted collateral attack on an order stipulating to the termination of parental rights in a marriage dissolution case.  (*Ibid*.)  The *Jackson* court did so because the order "exceeded the trial court's jurisdiction" and contravened public policy generally favoring two parents over one.  (*Ibid*.)  Similarly, *In re Marriage of Goodarzirad* allowed collateral attack on a stipulation that divested the trial court of jurisdiction over the custody of minor children because the condition violated public policy focusing on the welfare of the children.  (*In re Marriage of Goodarzirad* (1986) 185 Cal.App.3rd 1020, 1026-1027 (*Goodarzirad*).)

By contrast, in *Murray,* the court of appeal declined to consider a collateral challenge to a support order in a marriage dissolution case. (*Murray, supra,* 101 Cal.App.4th at p. 600.)  There, a trial court suspended spousal support due to the husband's health and financial issues but reserved jurisdiction to retroactively reinstate the order.  (*Id.* at p. 590.)  Neither party challenged the condition when entered, and seven years later the court retroactively imposed spousal support upon finding the husband had the ability to pay during the suspended period.  (*Id.* at p. 592.)

On appeal, the *Murray* court concluded the trial court acted in excess of its jurisdiction by retroactively modifying spousal support in a manner

4

prohibited by statute. (*Id.* at p. 598.) Nonetheless, the court concluded the retroactivity condition was res judicata and therefore "beyond the reach" of the appeal. (*Id.* at p. 600.) The court noted that the husband failed to directly challenge the retroactivity condition at the time it was imposed, and nothing in the record suggested he could not have done so. (*Id.* at pp. 599-600.)

Here, similar to *Murray,* the trial court's order modifying spousal support was issued nearly seven years after the stipulated judgment of dissolution was entered. The record does not reflect Robert objected to the retroactivity condition at the time judgment was entered, nor is there any evidence that he could not have otherwise challenged the condition. The circumstances of this case do not present the compelling public policy concerns supporting appellate review of the collateral challenges raised in *Jackson* and *Goodarzirad.* To the contrary, here, the scope of the stipulated retroactivity condition was limited; the trial court reserved jurisdiction only to the extent either party violated his or her reporting obligations under the judgment. Accordingly, under the circumstances of this case, we conclude the principles of res judicata bar Robert from challenging the retroactivity condition in the judgment of dissolution.[1]

---

[1]     The challenged retroactivity condition is included in an addendum to the judgment that appears to be a form completed by the parties. To the extent that the superior court's forms include a retroactivity condition such as the one at issue in this case, we recommend the forms be revised in a manner consistent with Family Code section 3651, subdivision (c)(1). (See *In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1082 [recommending revision of a court form containing internal inconsistencies].)

III.

Judgment affirmed.  Robert and Cynthia to bear their own costs on appeal.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


BUCHANAN, J.