Filed 7/14/25  In re W.O. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re W.O. et al., Persons Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.O. et al.,<br><br>    Defendants and Appellants. | E085088<br><br>(Super.Ct.No. J300965, J300966, J300967)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Dismissed.

Richard L. Knight, under appointment by the Court of Appeal, for Defendant and Appellant, A.O.

Lelah S. Forrey-Baker, under appointment by the Court of Appeal, for Defendant and Appellant, W.O.

1

Tom Bunton, County Counsel, and Helena Rho, Deputy County Counsel, for Plaintiff and Respondent.

## I. INTRODUCTION

A.O. (Mother) and W.O. (Father) are the parents of Al.O., S.O., and We.O. In July 2024, the children were declared dependents of the juvenile court and formally removed from their parents' custody after a contested jurisdictional and dispositional hearing pursuant to Welfare and Institutions Code[1] section 361. The dispositional order also provided that each parent would be granted separate, weekly supervised visits with the children.

In October 2024, both Mother and Father filed petitions pursuant to section 388 seeking to modify the visitation order to provide for more liberalized visits. The juvenile court denied both petitions without conducting a formal evidentiary hearing. Parents appeal from the orders denying their modification petitions, arguing the juvenile court erred by denying their petitions without first granting them an evidentiary hearing. However, while this appeal was pending, the juvenile court conducted a six-month review hearing pursuant to section 366.21, found that there was a substantial probability the children would be returned to parents' custody within six months, granted continued reunification services, and entered a new visitation order, partially liberalizing parents' visitation rights.

Given this record, San Bernardino County Children and Family Services (CFS)

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

argues the appeals from the denial of parents' modification petitions are now moot. We agree and dismiss the appeals.

## II. BACKGROUND

In May 2024, Al.O. called law enforcement in response to an incident in which Mother became intoxicated after consuming an excessive amount of alcohol, physically attacked Father while he was holding We.O., and physically attacked Al.O. Upon investigation, CFS discovered multiple prior referrals regarding allegations of domestic violence in the home, as well as allegations of parents' abuse of alcohol and other controlled substances. As a result, CFS filed petitions on behalf of Al.O., S.O., and We.O., pursuant to section 300 et seq., alleging they were at risk of serious physical harm due to Mother's and Father's failure to supervise, protect, or adequately provide for her needs.

In July 2024, the juvenile court held a contested jurisdictional and dispositional hearing. At the conclusion of the hearing, the juvenile court sustained the allegations of the petition,[2] declared the children dependents of the juvenile court, and formally removed the children from parents' custody. Both parents were granted reunification services, with an admonition that services might not extend beyond six months given

---

[2] The juvenile court dismissed one allegation in the petition related to parents' previous incarceration but sustained the remaining allegations involving domestic violence and substance abuse.

3

We.O.'s age.[3] The dispositional order provided that each parent would be granted separate, supervised visits once a week. The juvenile court expressed the belief that visitation with each parent should remain separate as a result of the unresolved domestic violence in the home and that it could reassess the issue of visitation if parents "finish their domestic violence classes and show benefit." It then set a status review hearing pursuant to section 366.21 to be held in January 2025.

In October 2024, both Mother and Father filed petitions pursuant to section 388, seeking to modify the visitation order. Specifically, parents sought to increase the frequency of visitation to three times a week, authorize potential overnight and weekend visits, and permit visitation with both parents to occur together. In support of their petitions, parents alleged they had completed the domestic violence and substance abuse courses required as part of their reunification case plan. The juvenile court set a hearing to determine whether to grant a formal, evidentiary hearing on the petitions. However, after accepting argument from the parties, the juvenile court denied the petitions without setting a formal evidentiary hearing. Parents appeal from the orders denying their petitions.

---

[3] Generally, "[f]or a child who, on the date of initial removal from the physical custody of the child's parent or guardian, was under three years of age, court-ordered services shall be provided for a period of 6 months from the dispositional hearing . . . ." (§ 361.5, subd. (a)(1)(B).)

4

While this appeal was still pending, the juvenile court held the scheduled six-month status review hearing pursuant to section 366.21(e)(1).[4] At the hearing, the juvenile court continued the children as dependents of the juvenile court and declined to return them to parents' custody. However, the juvenile court (1) found that both parents had made progress toward alleviating the circumstances that led to We.O.'s removal; (2) found there was a substantial probability that We.O. will be returned to parental custody within six months; (3) found there was a compelling reason not to set a hearing pursuant to section 366.26; (4) granted both parents continued reunification services; and (5) liberalized visitation with parents by increasing the frequency of supervised visits. Parents explicitly renewed the requests for liberalized visitation that were made in their section 388 petitions, but the juvenile court declined to grant that request.

### III.  DISCUSSION

A.  *General Legal Principles and Standard of Review*

The only claim raised in this appeal is that the juvenile court erred in denying parents section 388 petitions for modification of a prior visitation order without conducting an evidentiary hearing.

"Section 388 allows a parent to petition to change, modify, or set aside any previous juvenile court order.  [Citation.] 'The petitioner has the burden of showing by a preponderance of the evidence (1) that there is new evidence or a change of circumstances *and* (2) that the proposed modification would be in the best interests of the

---

[4] On April 1, 2025, CFS filed a motion to augment the record, and we reserved ruling on the motion to be considered with the appeal.  We now grant the motion.

child.' " (*In re J.M.* (2020) 50 Cal.App.5th 833, 845; § 388, subd. (a).)  Generally, "[t]he juvenile court has discretion whether to provide a hearing on a petition alleging changed circumstances."  (*In re Aljamie D.* (2000) 84 Cal.App.4th 424, 431.)  However, a " ' "parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing" ' " (*id.* at p. 432), and a "petition may be denied without a hearing 'only if the [petition] fails to reveal any change of circumstance or new evidence which might require a change of order" (*In re R.F.* (2023) 94 Cal.App.5th 718, 728).  "We review the summary denial of a section 388 petition for an abuse of discretion."  (*R.F.*, at p. 728; *In re C.J.W.* (2007) 157 Cal.App.4th 1075, 1079.)

B.  *The Appeals Are Moot*

One of several arguments asserted by CFS on appeal is that Mother's and Father's challenge to the juvenile court's orders denying their section 388 petitions are now moot.  For the reasons explained below, we agree.

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276.)  "A case becomes moot when events ' "render . . . it impossible for [a] court, if it should decide the case in favor of [appellant], to grant him any effect[ive] relief.' " [Citation.]  For relief to be 'effective,' two requirements must be met.  First, the [appellant] must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks."  (*Ibid.*)

6

Here, the juvenile court issued a visitation order at the time of disposition, which parents sought to modify through their section 388 petitions. However, during the pendency of this appeal, the juvenile court held a six-month review hearing, considered parents' requests for modified visitation, and issued a new visitation order. Given this procedural history, we conclude that parents are unable to meet either prong of the test articulated in *In re D.P.* to show this court can grant effective relief.

First, there is no basis for this court to conclude that parents suffer any ongoing harm from being deprived of an evidentiary hearing prior to denial of their section 388 petitions. To the extent parents claim they were deprived of the ability to present their arguments and evidence in the context of a full hearing, the record shows that the juvenile court subsequently held a statutory six-month review hearing. At the time of that hearing, the juvenile court had "the statutory power to order that reunification services, including visitation, be offered, modified, continued, or . . . terminated." (*In re Natasha A.* (1996) 42 Cal.App.4th 28, 35.) And parents specifically renewed their requests for the juvenile court to consider modification of visitation at the time of the hearing. Further, at that hearing, parents were permitted to fully litigate the issues regarding visitation. Parents have not argued, on appeal, that their rights were improperly limited during the six-month review hearing. Thus, parents have already been afforded a full hearing on their requests for modification of visitation and no longer suffer any harm from being deprived of an evidentiary hearing by way of their section 388 petition.

Second, there is no basis for this court to conclude that parents suffer any ongoing harm from any findings related to the denial of their section 388 petitions. The summary

7

denial of a section 388 petition at the prima facie stage does not involve the resolution of conflicting evidence, factual findings or a final determination on the merits of any issue. Instead, the juvenile court determines only whether "the facts alleged, *if supported by evidence given credit at [a] hearing*, would sustain a favorable decision on the petition." (*In re J.P.* (2014) 229 Cal.App.4th 108, 127 [emphasis added]; *In re Edward H.* (1996) 43 Cal.App.4th 584, 593.) It is a preliminary determination that the juvenile court may reconsider at any time. (See *In re G.B.* (2014) 227 Cal.App.4th 1147, 1160 ["[E]ven if the juvenile court . . . had determined when it checked the box that Mother's section 388 petition established a prima facie case, it retained the discretion to change that determination upon further consideration . . . ."].) Thus, the denial of the petitions at the prima facie stage does not result in any findings that would adversely impact subsequent hearings or determinations by the juvenile court.

Third, even if the juvenile court erred in denying the modification petitions without an evidentiary hearing,[5] any harm cannot be redressed in this appeal. The proper remedy for the erroneous denial of a section 388 petition without an evidentiary hearing is to remand the matter with directions for the juvenile court to conduct the evidentiary hearing. (*In re R.A.* (2021) 61 Cal.App.5th 826, 839-840 [remand to conduct an

[5] We observe that at least one published decision has concluded that it is not an abuse of discretion to summarily deny a section 388 petition where "the petition sought a hearing on the very issue the court ha[s] already indicated would be considered at a hearing that ha[s] already been scheduled." (*In re B.C.* (2011) 192 Cal.App.4th 129, 142.) At the time parents filed their section 388 petitions, the juvenile court was already scheduled to conduct a status review hearing, at which time the issue of parents' progress toward alleviating the causes that led to removal, custody, additional reunification services, and visitations would be addressed.

evidentiary hearing on petitioner's motion]; *In re Daniel F.* (2021) 64 Cal.App.5th 701, 717 [same].) At the hearing, the juvenile court would still be required to determine that the preponderance of the evidence showed changed circumstances and the best interests of the child warrant modification of an order. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.) However, "when an appellate court reverses a prior order of the trial court on a record that may be ancient history to a dependent child, the trial court must implement the final appellate directive in view of the family's current circumstances and any developments in the dependency proceedings that may have occurred during the pendency of the appeal." (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1501; *In re D.P.*, *supra*, 14 Cal.5th at p. 284; *In re Malick T.* (2022) 73 Cal.App.5th 1109, 1129 [Where the appellate court remands for a new hearing, the juvenile court is required to reassess the matters "under the circumstances as they exist at the time of the new hearing."].)

Here, even if parents could successfully show error, the appellate remedy of a remand to conduct an evidentiary hearing on their section 388 petitions could not provide effective relief. The visitation order issued at the time of disposition which the petitions seek to modify is no longer in effect. Further, the facts that parents alleged in their petitions to show changed circumstances warranting modification have already been considered at the time of the subsequently held status review hearing. Thus, remand for a new evidentiary hearing to determine whether the allegations of parents' petitions are supported by the evidence would be fruitless. At this point in the proceedings, even if the allegations were fully established by the evidence presented at a new evidentiary hearing,

the allegations could not constitute changed circumstances warranting modification of any existing order currently in effect.

Fourth, we are unpersuaded by parents' argument that they continue to suffer ongoing harm because the juvenile court has yet to grant them visitation on the terms they requested in their petitions. The visitation order now in effect was issued after a full hearing in which parents had the opportunity[6] to raise the very issues they sought to raise in their section 388 petitions. Any perceived harm they currently face is the result of the new visitation order issued at the six-month review hearing and not from denial of their section 388 petitions. (See *In re J.P.*, *supra*, 229 Cal.App.4th at pp. 128-129 [Parents were not prejudiced by erroneous denial of section 388 petition where the juvenile court subsequently holds a six-month review hearing and the order issued after hearing is uncontested.]; *In re Victoria C.* (2002) 100 Cal.App.4th 536, 544-545 [parent not prejudiced by erroneous denial of section 388 petition where juvenile court subsequently holds a statutory review hearing where parties contest the same issue raised in petition].)

Finally, we decline parents' request to exercise our discretion to reach the merits of their challenge. While we have inherent discretion to reach the merits of an otherwise moot dispute (*In re D.P.*, *supra*, 14 Cal.5th at p. 282), whether to exercise such discretion

---

[6] Parents also briefly argue that they continue to suffer harm because Mother intended to cross-examine a social worker at an evidentiary hearing on her section 388 petition and was denied a due process right to do so. However, parents were entitled to a contested status review hearing, even without an offer of proof. (*In re James Q.* (2000) 81 Cal.App.4th 255, 266.) Thus, the denial of their section 388 petitions could not have deprived them of the opportunity to cross-examine any relevant witnesses at the time they renewed their requests for modification of visitation rights at the status review hearing.

is generally guided by consideration of numerous factors.  (*Id*. at pp. 282-287.)  However, none of those factors appear compelling in this case.  As we have already explained, the underlying order which parents sought to modify is no longer in effect, parents have already had a full opportunity to litigate the merits of their modification request at a subsequent review hearing, and the juvenile court's summary denial of a section 388 petition does not result in any findings that are stigmatizing or would adversely impact any future determinations.  Because none of the generally recognized factors that would weigh in favor of discretionary review appear in this case, we decline to exercise our discretion to reach the merits of parents' claims.

IV.  DISPOSITION

The appeals are dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

McKINSTER
Acting P. J.

RAPHAEL
J.

11